**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LEMKO CORPORATION, an Illinois Corporation,<br><br>       Plaintiffs,<br><br>  v.<br><br>MICROSOFT CORPORATION, a Washington Corporation, and AFFIRMED NETWORKS, INC., a Delaware Corporation<br><br>       Defendants. | Case No. 3:22-cv-00363-L |

## INITIAL CASE MANAGEMENT REPORT

Plaintiff Lemko Corporation ("Lemko") and Defendants Microsoft Corporation ("Microsoft") and Affirmed Networks, Inc. ("Affirmed") (collectively, "Defendants"), jointly file this Initial Case Management Report pursuant to the Court's October 21, 2022 Order Requiring Attorney Conference and Status Report (Dkt. No. 32), N.D. Tex. Miscellaneous Order No. 62, and Federal Rule of Civil Procedure 26(f).

Defendants respectfully request a short telephonic conference to discuss the discovery and scheduling issues raised in this Initial Case Management Report.

I.     **The Court's October 21, 2022 Order Requiring Attorney Conference and Status Report (Dkt. No. 32)**

    A.     **Brief statement of the nature of the case and the contentions of the parties.**

<u>Lemko's Statement</u>:

Lemko provides a leading, fully edge-capable mobile network platform and resilient 4G/5G wireless networks for use in a wide-variety of applications, including creating private 4G/5G networks, providing wireless broadband systems in rural settings, and for communicating

in military and public safety deployments where access to commercial cellular networks is not always available or secure.  Lemko offers multi-access edge computing ("MEC") products and services that place the computer resources for managing network traffic and providing servicers closer to the customer (the "edge" of a network).

Affirmed Networks sells infringing MEC software for managing networks.  Microsoft acquired Affirmed Networks in 2020.  Microsoft sells servers branded as Azure Stack Edge servers ("ASE"), which are especially suited for running MEC software at the edge of a network. Defendants sell and promote the combination of Affirmed Networks' software and Microsoft's ASE servers.

On February 14, 2022, Lemko filed a complaint for patent infringement against Defendants.  Lemko asserts eight patents against Defendants: U.S. Patent Nos. 7,548,763 (the "'763 Patent"); 7,653,414 (the "'414 Patent"); 7,855,988 (the "'988 Patent"); 8,107,409 (the "'409 Patent"); 8,688,111 (the "'111 Patent"); 9,191,980 (the "'980 Patent"); 9,332,478 (the "'478 Patent"); 9,755,931 (the "'931 Patent") (collectively, the "Asserted Patents").

Throughout this Report, Defendants repeatedly refer to and argue the substance of their pending motion to dismiss (Dkt. No. 24).  As set forth in Lemko's opposition (Dkt. No. 26), Defendants' motion mischaracterizes Lemko's allegations and should be denied on multiple grounds.  At the very least, to the extent the Court grants any portion of Defendants' motion, Lemko should be given leave to amend its original Complaint.  Therefore, there is no reason to stay this action pending resolution of the motion, particularly given that this case has now been pending for nine months.

Defendants' Statement:

Microsoft acquired Affirmed Networks ("Affirmed") in 2020, and Affirmed is now a wholly-owned subsidiary of Microsoft. Lemko's entire Complaint is premised on a hypothetical combination of Microsoft and Affirmed products that does not exist.  Specifically, each and every allegation of infringement for all eight patents-in-suit is based on the purported combined use and sale of Microsoft's Azure Stack Edge (ASE) servers with Affirmed's Virtual Evolved Packet Core (vEPC) software, a combination that Lemko refers to throughout its Complaint as "Core MEC" products.  However, the so-called "Core MEC" products that are central to Lemko's clams of infringement of all eight asserted patents — Microsoft's Azure Stack Edge and Affirmed's Virtual Evolved Packet Core software — are not used or sold together.  Accordingly, Lemko's Complaint does not, and cannot, state a claim for which relief can be granted.  There is also no amendment that can overcome the fundamental deficiency in Lemko's Complaint based on a non-existent hypothetical combination  Accordingly, the immediate and complete dismissal of the Complaint with prejudice is warranted.  At the very least, discovery should proceed as a phased process that efficiently allows the "hypothetical combination" issue to be decided first, before consuming the massive amount of judicial resources and astronomical costs of litigation on an eight patent case that never should have been brought.

**B.      Any challenge to jurisdiction or venue.**

Lemko's Position:  Defendants did not challenge jurisdiction or venue.

Defendants' Position:  Defendants did not challenge jurisdiction or improper venue. However, Defendants and any relevant witnesses are based in Washington and Massachusetts, and as such this forum is inconvenient, and Defendants may move to transfer for convenience of parties and witnesses and in the interests of justice pursuant to 35 U.S.C. § 1404(a).

**C.     Any pending or contemplated motions and proposed time limits for filing motions.**

<u>Lemko's Position</u>: Defendants' Motion to Dismiss Lemko's Complaint Pursuant to Rule 12(b)(6) is fully briefed and pending (Dkt. No. 24).  The Parties' proposed deadlines for summary judgment and *Daubert* motions are set forth in the proposed schedule in Exhibit A.

<u>Defendants' Position</u>: Defendants' Motion to Dismiss Lemko's Complaint Pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted is fully briefed and pending (Dkt. No. 24).  Defendants' motion is case dispositive and any amendment is futile, so the motion should therefore be granted with prejudice and without leave to amend.  To conserve judicial resources and those of the parties and to facilitate the just and economical disposition of the case, Defendants propose phasing fact discovery, contentions and claim construction such that they begin, only if necessary, after Defendants' Motion to Dismiss is ruled upon.  Defendants believe the "hypothetical combination" issue can be decided fully and economically on the pleadings alone.  If for any reason the Court is not inclined to wait to open discovery, contentions and claim construction until after ruling on the Motion to Dismiss, then Defendants alternatively propose phasing fact discovery and, if needed, early summary judgment on the "hypothetical combination" issue first (Phase 1), and beginning the remainder of fact discovery, contentions, and claim construction (Phase 2), only if necessary, after the completion of Phase 1.

Defendants contemplate filing petitions for Inter Partes Review (IPR) on most of Lemko's patents and anticipate bringing a motion to stay pending IPR when those IPR petitions are filed.

If for any reason Defendants' Motion to Dismiss is denied or Lemko is given leave to amend, Defendants anticipate bringing case dispositive motions for summary judgment.

      **D.**     **Any matters which require a conference with the Court.**

    <u>Lemko's Position</u>: There are no matters which require a conference with the Court at this time.

    <u>Defendants' Position</u>: Defendants respectfully request a short telephonic conference to discuss the discovery and scheduling issues raised in this Initial Case Management Report, including Defendants' proposal for a phased approach to fact discovery in view of the significant and fundamental defects in Lemko's Complaint that warrant early dismissal with prejudice. Defendants also request a hearing on its Motion to Dismiss (Dkt. No. 24).

      **E.**     **Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings**

    Based on currently available information, the Parties do not anticipate joining additional Parties.

      **F.**     **(a) An estimate of the time needed for discovery, with reasons, (b) a specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery.**

    <u>Lemko's Position</u>: Lemko proposes that fact discovery run through the end of June 2023. Discovery will focus on issues of infringement, Defendants' conduct after learning of the Asserted Patents, damages, and validity.  Please see Lemko's Position in Section III.B below further describing the subjects for which Lemko requires discovery.  Lemko opposes further delay of the start of fact discovery, especially since it filed this case in February 2022.

    <u>Defendants' Position</u>: To conserve judicial resources and those of the parties and to facilitate the just and speedy resolution to the case, Defendants propose phasing fact discovery, contentions and claim construction such that they begin, only if necessary, after the Motion to Dismiss is ruled upon.  Defendants believe the "hypothetical combination" issue can be decided fully and economically on the pleadings alone.  If for any reason the Court is not inclined to wait

to open discovery, contentions and claim construction until after ruling on the Motion to Dismiss, then Defendants alternatively propose phasing fact discovery and, if needed, early summary judgment on the "hypothetical combination" issue first (Phase 1), and beginning the remainder of fact discovery, contentions, and claim construction (Phase 2), only if necessary, after the completion of Phase 1.

> **G.    A statement that counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988).

Counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

> **H.    Requested trial date, estimated length, and whether a jury has been demanded.**

Lemko's Position: Lemko requests a trial in February 2024, and estimates that trial length will be seven days.  Lemko demands a jury trial.

Defendants' Position: Defendants do not currently propose setting a trial date. However, to the extent the Court is inclined to set a trial date at this stage, Defendants propose setting a trial date based on the Court's availability after November 2024.  Defendants also estimate a trial length of seven days.

> **I.    Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge Rebecca Rutherford per 28 U.S.C. § 636(c).**

The parties do not consent to trial before United States Magistrate Judge Rebecca Rutherford.

**J.      Prospects for settlement, and status of any settlement negotiations.**

Lemko's Position: The Parties have not initiated settlement discussions.  The Parties do not believe that settlement discussions at this time would be productive.

Defendants' Position: With no sales of the accused combination of "Core MEC" products, there are no damages at issue in Plaintiff's case.  Defendants believe that the case should be ripe for early resolution based on the absence of any sales or use of the hypothetical combination of "Core MEC" products, while the Motion to Dismiss is pending and before costly discovery, contentions, and claim construction on eight patents begins.  Defendants propose a cooperative limited discovery process and meet and confer or phased discovery as proposed above to facilitate a streamlined resolution of the case, through either a voluntary settlement process or early case dispositive motions.

**K.      The desirability of ADR, and the timing for ADR**

Lemko's Position: Lemko believes that mediation is the most desirable form of Alternative Dispute Resolution ("ADR") in this case.  As for the timing of mediation, Lemko believes that mediation would be most effective after the Court's issuance of a claim construction order.  In the event of mediation, the Parties can confer to identify a mediator acceptable to all Parties.  If the Parties are unable to agree on a mediator but believe that mediation will be beneficial, the Parties will seek assistance from the Court.

Defendants' Position: See Defendants' position regarding early settlement in Section J above.  In this regard, Defendants believe an early voluntary settlement process or mediation could be helpful. If the case does not resolve by motion or early settlement on the hypothetical combination issue first, Defendants agree that mediation would thereafter be most effective after the Court's issuance of a claim construction order.

7

**L.      Any other matters relevant to the status and disposition of this case.**

<u>Lemko's Position</u>: Other than as set forth herein, Lemko does not have any issues to bring to the Court's attention at this time.  Lemko objects to further delay in the start of or phasing discovery.

<u>Defendants' Position</u>: Given the absence of any plausible theory of infringement or damages due to the absence of any use or sale of the hypothetical combination of so-called "Core MEC" products, Defendants propose phasing fact discovery, contentions, and claim construction such that they begin, only if necessary, after the Court rules on Defendants' Motion to Dismiss; or alternatively that an initial phase of discovery and dispositive motions focused on the hypothetical combination issue occurs first (Phase 1); followed by a second phase, only if necessary, of any remaining discovery, contentions and claim construction (Phase 2).

**II.     N.D. Tex. Miscellaneous Order No. 62**

**A.      Proposed modification of the deadlines provided for in this Order and the effect of any such modification on the date and time of the claim construction hearing, if any**

Subject to Defendants' proposal to phase the case, the Parties' proposed modifications to the deadlines provided in N.D. Tex. Misc. Order No. 62 are set forth in a proposed schedule in Exhibit A with the parties' agreed upon dates and competing proposed dates.

**B.      Electronic discovery plan or any proposed e-discovery order**

The Parties have conferred regarding the need for an e-discovery plan and are in the process of preparing a Stipulation Regarding the Format of Document Productions, which they will submit to the Court along with any disputes about the proposed order.

**C.** **The need for presenting technical tutorials to the presiding judge and the mode for presenting same**

Subject to Defendants' proposal to phase the case, the Parties propose a 2-hour technology tutorial, to be presented by attorneys (i.e., without testimony from experts or fact witnesses). Subject to the Court's preferences, the tutorial could be held in advance of the claim construction hearing.

**D.** **Deviations from and additions to the model orders described in paragraph 2-1(e)**

The Parties are submitting a Proposed Protective Order, Proposed Order Regarding E-Discovery, and Proposed Order Focusing Patent Claims and Prior Art, which they will submit to the Court along with any disputes about the proposed orders and annotations showing the modifications to the Model Orders and the party proposing the modifications.

**E.** **Whether either party desires the presiding judge to hear live testimony at the claim construction hearing**

The Parties propose that expert testimony, if any, be provided by declarations in connection with claim construction briefing and that live testimony is not heard at the claim construction hearing.

**F.** **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses**

The Parties are not currently aware of the need for any specific limitations to be placed on discovery related to claim construction.  Expert testimony will be provided by declarations and the parties may take depositions in connection with the claim construction process.

**G.** **The scheduling of a claim construction prehearing conference between attorneys to be held after the filing of the joint claim construction and prehearing statement required by paragraph 4-3**

The Parties have conferred and, subject to the Court's preferences, do not believe a claim construction prehearing conference with the Court would be helpful.  However, the parties will

meet and confer in advance of filing the joint claim construction statement to narrow the claim construction issues for the Court.

      **H.**    **The need for any deviation from the ordinary practice of early and late mediations, as well as the potential dates for early and late mediations**

The Parties respective positions on early and late mediations are set forth in section I. J and I.K above.

**III.**    **Federal Rule of Civil Procedure 26(f)**

      **A.**    **Fed. R. Civ. P. 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**

The Parties' proposed dates for initial disclosures are set forth in Exhibit A.

      **B.**    **Fed. R. Civ. P. 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

The Parties agree that fact discovery should be completed before expert discovery begins.

<u>Lemko's Position</u>:  Discovery will be needed on all issues relevant to Lemko's claims of patent infringement and damages, what actions Defendants took upon knowledge of the Asserted Patents, and to Defendants' defenses, including any documents and things listed in Defendants' Statement below.  Specifically, Plaintiff will require discovery on at least the following issues and topics:

    a.    Infringement: Defendants' Accused Products, including the operation thereof from a technical standpoint and including all commercialization efforts, and what, if any, actions Defendants took after learning of Lemko's Asserted Patents.

    b.    Damages: Defendants' financial information, including revenue and profit and loss data for the Accused Products and related products, as well as discovery regarding licensing, the patented inventions' benefits, marketing and business plan information, valuations of the technology at issue, and other documents relevant to the *Georgia Pacific* factors in determining a reasonable royalty.

    c.    Defendants' claims: Any defenses identified by Defendants.

Lemko reserves the right to seek discovery on any and all other topics pertinent to this dispute that may be identified based on initial disclosures and further proceedings in the case, including whether Defendants' actions constitute willful infringement.

Defendants' Position: As set forth in Section I.K, Defendants propose conducting a meet and confer to discuss the issue of and exchange information related to no applicable sales of the accused hypothetical combination of products, which Defendants believe will lead to settlement or other early case dispositive resolution of the matter.  As set forth in Section I.L above, Defendants propose phasing discovery, contentions and claim construction such that it begins, if necessary, after the Court rules on the case dispositive Defendants' Motion to Dismiss, or alternatively conducting an initial phase of discovery and if needed additional dispositive motions on the hypothetical combination issue (Phase 1); followed by a second phase of remaining discovery, contentions and claim construction (Phase 2), only if necessary. In the event the case proceeds past Phase 1, discovery will be needed on all issues relevant to Defendants' defenses against Lemko's claims of patent infringement and damages.  Defendants reserve the right to seek discovery on all subjects relevant to this dispute.

**C. Fed. R. Civ. P. 26(f)(3)(C): Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

The Parties will address issues relating to electronically stored information in a proposed Order Regarding E-Discovery.

Lemko's Position: Lemko believes it has preserved all relevant electronically stored information.

Defendants' Position: Defendants are not aware of any issues about disclosure, discovery, or preservation of electronically stored information at this time. Defendants have made reasonable and good faith efforts to preserve electronically stored information that is reasonably expected to

be relevant to the parties' claims or defenses in compliance with the requirements of Fed. R. Civ. P. 26.

**D.      Fed. R. Civ. P. 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include its agreement in an order**

The Parties will address issues relating to privilege and protection of trial-preparation materials in a proposed Protective Order.  The parties agree that post-suit privileged communications do not need to be included in privilege logs.

**E.      Fed. R. Civ. P. 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

The Parties agree to proceed with discovery under the Federal Rules of Civil Procedure and the Local Rules.  The Parties agree to a limit of 25 Interrogatories, 25 Request for Admission (not including requests for admission as to the authentication of a document).

Lemko's Position: Given the number of patents and products at issue, Lemko proposes 120 hours of depositions per side, not including expert or third-party depositions.

Defendants' Position: Defendants propose 10 seven-hour depositions per side, not including expert depositions.

**F.      Fed. R. Civ. P. 26(f)(3)(F): Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

The Parties will be submitting a Proposed Protective Order, a Proposed Order Regarding E-Discovery, and a Proposed Order Regarding Focusing Patent Claims and Prior Art.  The Parties do not propose any additional orders at this time.

G.    **Electronic Service**

The Parties agree that electronic service of documents between the parties is adequate means of service of documents pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: November 22, 2022          By:   */s/Jon B. Hyland*
                                        Jon B. Hyland (Bar Number: 24046131)
                                        **HILGERS GRABEN**
                                        10000 N. Central Expy., Ste 400
                                        Dallas, TX 75231-4180
                                        Telephone: 972-645-3097
                                        jhyland@hilgersgraben.com

                                        Paul Andre (*pro hac vice*)
                                        Lisa Kobialka (*pro hac vice*)
                                        James Hannah (*pro hac vice*)
                                        **KRAMER LEVIN NAFTALIS**
                                          **& FRANKEL LLP**
                                        333 Twin Dolphin Drive
                                        Suite 700
                                        Redwood Shores, CA 94065
                                        Telephone: (650) 752-1700
                                        Facsimile: (650) 752-1800
                                        pandre@kramerlevin.com
                                        lkobialka@kramerlevin.com
                                        jhannah@kramerlevin.com

                                        Aaron Frankel (*pro hac vice*)
                                        **KRAMER LEVIN NAFTALIS**
                                          **& FRANKEL LLP**
                                        1177 Avenue of the Americas
                                        New York, NY 10036
                                        Telephone: (212) 715-7793
                                        Facsimile: (212) 715-8000
                                        afrankel@kramerlevin.com

                                        *Attorneys for Plaintiffs*
                                        LEMKO CORPORATION


                                   **WINSTON & STRAWN LLP**

Dated: November 22, 2022          By:   */s/ Kelly C. Hunsaker* (by permission)
                                        Thomas M. Melsheimer
                                        Texas Bar No. 13922550
                                        TMelsheimer@winston.com
                                        M. Brett Johnson
                                        Texas Bar No. 00790975
                                        mbjohnson@winston.com

14

Barry Shelton
Texas Bar No. 24055029
bshelton@winston.com
2121 N. Pearl Street, Ste. 900
Dallas, Texas 75201
Telephone: (214) 453-6500
Telecopy: (214) 453-6400

Kelly C. Hunsaker
*Admitted Pro Hac Vice*
California Bar No. 168307
khunsaker@winston.com
Michael R. Rueckheim
Texas Bar No. 24081129
mrueckheim@winston.com
255 Shoreline Drive, Ste. 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Telecopy: (650) 858-6550

*Attorneys for Defendants*
Microsoft Corporation and Affirmed Networks, Inc.

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 22nd day of November, 2022.

*/s/Jon B. Hyland*