**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LEMKO CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0363-K |
| | § | Consolidated with 3:26-CV-1876-K |
| MICROSOFT CORPORATION and | § | |
| AFFIRMED NETWORKS, INC., | § | |
| | § | |
| Defendants. | § | |

# AMENDED SCHEDULING ORDER

The Court recently consolidated *Lemko Corp. v. Microsoft Corp.*, Civ. Action No. 3:22-CV-0363-K ("Microsoft I") with *Lemko Corp. v. Microsoft Corp.*, Civ. Action No. 3:26-CV-1876-K ("Microsoft II"). *See* Doc. No. 180. The Court hereby enters the following order pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court, to govern the disposition of this newly consolidated civil matter and, if disposition by trial is needed, to expedite the trial. Unless otherwise ordered by the Court or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **This Order shall control the disposition of this case.** The deadlines set forth in this Scheduling Order may be extended only by formal written motion to the Court and only upon a showing of good cause. Any requested extension of a pretrial deadline shall not affect the trial date or other pretrial deadlines. **The Court will not grant motions to continue the trial setting absent exigent circumstances, even if the parties file an agreed motion.**

2. This case is set for a **JURY** trial on the Court's three-week docket beginning **February 7, 2028.** Counsel and the parties shall be ready for trial on **two (2) days' notice** at any time during this three-week period. The parties shall notify the Court in writing of any potential conflicts with this trial setting **within ten**

**(10) days from the date of this Order.**

3. **<u>Patent Initial Disclosures Governing *Microsoft II* case</u>.**

(a) **<u>Infringement Contentions and Production of Documents</u>.** Plaintiff shall serve its preliminary infringement contentions and produce or make available for inspection and copying the documents related to its infringement contentions by **<u>August 28, 2026</u>.** Plaintiff shall ensure that its disclosures and the accompanying production of documents comply with the requirements of N.D. Tex. Misc. Order No. 62, && 3-1 & 3-2.

(b) **<u>Preliminary Invalidity Contentions and Production of Documents</u>.** Defendants shall serve their preliminary invalidity, contentions, and produce or make available for inspection and copying the documents related to their invalidity contentions by **<u>October 12, 2026</u>**. Such disclosures and the accompanying production of documents shall comply with the requirements of N.D. Tex. Misc. Order No. 62, && 3-3 & 3-4.

(c) **<u>Amendments to Preliminary Contentions</u>.** Except upon written motion for good cause shown, each party's preliminary infringement contentions and preliminary invalidity contentions shall be deemed that party's final contentions. Any motion for leave to leave to amend these preliminary contentions must be filed within 30 days of the Court's claim construction ruling. *See* N.D. Tex. Misc. Order No. 62, && 3-6 & 3-7.

4. By **<u>October 26, 2026</u>**, the parties shall file a joint notice stating whether they intend to seek construction of any additional claim terms that are limited to issues newly raised in *Microsoft II*.

5. Fact discovery in *Microsoft II* case opens on **<u>October 26, 2026</u>**, and closes on **<u>February 19, 2026.</u>** This fact discovery is limited to issues newly raised in *Microsoft II*.

6. Expert discovery in *Microsoft I* and *Microsoft II* cases closes on **<u>May 24, 2026.</u>**

7. The party with the burden of proof shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) by **<u>March 19, 2027.</u>**

If the evidence is intended solely to contradict or rebut evidence on the same

subject matter identified by another party under Rule 26(a)(2)(B), the disclosure required under Rule 26(a)(2) shall be made by **April 28, 2027.**

8. All motions that would dispose of all or any part of this case (including all motions for summary judgment), shall be filed by **June 14, 2027.** Any response in opposition shall be filed **within 28 days** of the dispositive motion. The movant may file a reply **within 14 days** of the response.

9. All motions challenging or seeking to disqualify expert witnesses (e.g., *Daubert* motions) must be filed on or before **June 14, 2027.** Any response in opposition shall be filed **within 28 days** of the motion being filed. The movant may file a reply **within 14 days** of the response.

10. Unless otherwise directed by order, the parties must make the disclosures required by Federal Rules of Civil Procedure 26(a)(3)(A)-(B) by **November 1, 2027.** Within 14 days thereafter, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under rule 26(a)(3)(A)(ii) any objection, together with the grounds therefore, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any.

11. By **December 1, 2027,** all pretrial material shall be filed with the Court. Mailing these materials on this date is insufficient. The pretrial materials must include the following:

    a. A joint pretrial order shall be submitted by the plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the estimated length of trial and whether the case is a jury or non-jury trial. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted. However, failure to agree upon content or language is not an excuse for submitting separate pretrial orders because each party may submit its version of any disputed matter in the joint pretrial order. If the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

    b. Each party shall provide a list of witnesses and provide (i) the name and address of each witness and (ii) a brief narrative of the testimony to be covered by each witness. The parties must also divide their list of

witnesses into groups of probable witnesses, possible witnesses, experts, and record custodians.

Pursuant to Federal Rule of Civil Procedure 16(2)(O), and section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan, the Court intends to impose a reasonable limit on the time allowed for presenting evidence in this case. Accordingly, the parties must also state the expected duration of direct and cross examination of each witness.

c. Each party shall file a list of exhibits and a designation of portions of depositions to be offered at trial. The list of exhibits shall describe the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall exchange a complete set of marked exhibits with opposing counsel; and shall deliver on the day the case is called for trial, a set of marked exhibits to the Court's chambers (except for large or voluminous items that cannot be easily reproduced). All Exhibits must be provided to the Court and opposing counsel in **PORTRAIT FORMAT not Landscape Format**. **Further, Copies must be printed on front side only, not front-back** Each exhibit list shall be accompanied by a written statement, signed by counsel for each party (except the party offering the exhibit) stating as to each exhibit either (i) the parties agree to its admissibility or (ii) the admissibility of the exhibit is objected to, identifying the nature and legal basis of the objection, and the names of the party or parties urging the objection. Counsel for the party proposing to offer the exhibit shall be responsible for coordinating activities related to preparation of such a statement. The Court may exclude any exhibit offered at trial unless such a statement has been filed in a timely manner.

d. Requested jury instructions shall be filed by each party. Each proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority and/or pattern instructions. The parties should, to the extent possible, rely on authority from the U.S. Supreme Court and Fifth Circuit. The parties shall submit a hard copy of the proposed instructions or conclusions and email a Word or WordPerfect version to Kinkeade_Orders@txnd.uscourts.gov.

e. In a non-jury case, each party having the burden of persuasion on an issue shall file proposed findings of fact and conclusions of law accompanied by citation to statutory or case authority. Within five (5) days thereafter, any opposing party shall serve proposed findings and conclusions with authority on that issue, numbered in paragraphs corresponding to those filed by the party with the burden of proof.

f. Motions in limine, if any, shall be filed by each party. Motions in limine must be limited to matters actually in dispute after conference with opposing counsel.

g. Each party shall file proposed voir dire questions it would like the Court to consider asking the jury panel.

h. Trial briefs are not required by the Court but are welcome.

12. On the day the case is called for trial, each party shall deliver to the court reporter their respective lists of witnesses and exhibits on a flash drive.

13. At least fourteen (14) days before the trial date, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss settlement. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person, not by telephone or other remote means. At this meeting, the parties shall comply with the requirements of Local Rule 16.3.

14. Within seven (7) days of the settlement meeting, the parties shall jointly prepare and file a written report, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

15. This Court orders the parties not to include private or sensitive information in

any document filed with the Court unless [it] is necessary to the case. This includes but is not limited to social security numbers, taxpayer identification numbers, financial account numbers, minors' names, and dates of birth.

16. **Judge's Courtesy Copy of Documents Filed by Electronic Means:**

In civil cases, Judge Kinkeade requires parties to provide copies of all dispositive motions, responses, replies and appendices thereto, and any filing totaling more than 25 pages in length. **Copies must be printed on front side only, not front-back**. These copies must be delivered to the Clerk's office within three (3) business days of the filing date. Failure to comply with this requirement may result in the party's document being unfiled by the Court. Furthermore, all hard copies must be properly bound either by sufficiently affixed staple, ACCO fastener, spiral binding, or, for a voluminous document, a 3-ring binder. Appendices and other documents fastened by paper clips, binder clips, rubber bands, or any other means are unacceptable. Exhibits must be tabbed and the exhibits must be in **PORTRAIT FORMAT** **not Landscape Format**.

17. **Local Counsel must sign all documents filed in this case pursuant to Federal Rule of Civil Procedure 11 and must also comply with Local Civil Rule 83.10(b).**

18. **Upon making an appearance in a case, Judge Kinkeade requires every attorney of record (not just lead attorneys) to provide their cell phone numbers where they can be reached at any time. This information is to be filed *Under Seal* entitled Attorney Contact Information. Any attorney who has not already filed this information shall file it within 14 days from the date of this Order.**

19. Should any party or counsel fail to cooperate in accomplishing anything required by this order, such party or counsel or both may be subject to sanctions, including dismissal or entry of default without further notice.

**SO ORDERED**.

Signed June 26th, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE